IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARK MISSILDINE,

    Plaintiff,

v().                                CASE NO.:

ROYAL AMERICAN
MANAGEMENT, INC.,

    Defendant.

_____/

## **COMPLAINT**

Plaintiff, Mark Missildine, (hereinafter referred to as the "Plaintiff" or "Missildine"), by and through his undersigned attorney, sues the Defendant, Royal American Management, Inc., (hereinafter referred to as the "Defendant" or "RAM"), and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action for disability and age discrimination, and retaliation under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008; 29 USCS §§ 2611 et seq; and the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 262 et seq.

### JURISDICTION AND VENUE

2. The jurisdiction of the Court over this controversy is invoked pursuant

1

to 29 U.S.C. § 2617(a)(2); 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f).

3. Plaintiff further seeks declaratory, injunctive, and equitable relief pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

4. Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k), Fed. R. Civ. P. 54 and other Florida Statutes as set forth herein.

5. This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

6. Plaintiff has complied with all conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f) and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes. On June 11, 2021, Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 202129877) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D202100636). On December 10, 2021, Plaintiff received the FCHR's Notice of Determination. Plaintiff thereafter requested his ninety (90) day Notice of Right to Sue letter from the EEOC which was received on May 5, 2022.

## PARTIES

7. Plaintiff is a 50 year old Caucasian male who is a citizen of the State of Florida and resides in DeFuniak Springs.

8. Defendant, Royal American Management, Inc. ("RAM") is a property management company that is licensed to do and does business in the state of Florida.

## GENERAL FACTS

9. Plaintiff is a 50 year old Caucasian male.

10. Plaintiff began his employment with Defendant in August 2010, as a Maintenance Supervisor.

11. Plaintiff held that position until his employment with Defendant was terminated on April 25, 2011.

12. On August 26, 2011, Plaintiff was rehired by Defendant as a maintenance technician for both Heritage and Quail Run apartment communities - - both of which are managed by Defendant.

13. On April 28, 2013, Defendant promoted Plaintiff to maintenance supervisor over Oakdale, Heritage, and Quail Run apartment communities - - again, all of which were managed by Defendant.

14. On December 31, 2019, Plaintiff's job title was changed from Maintenance Supervisor to Area Maintenance Assistant, but he maintained the

same duties and responsibilities.

15. During Plaintiff's employment with Defendant, he performed the duties and responsibilities of his position in a satisfactory manner and was not the subject of any disciplinary issues.

16. On March 24, 2021, Plaintiff reported to his Regional Manager, Melissa Nichols, that he believed that he was being targeted and discriminated against by his director of maintenance, Dave Kennedy, and that Mr. Kennedy was trying to get rid of him because of his age and disability (diabetes).

17. Defendant had knowledge of Plaintiff's health issues or disability.

18. Defendant's management spoke with Plaintiff multiple times regarding his health and often questioned his ability to complete tasks because of his age and disability.

19. Defendant mentioned multiple times about needing to find a dependable maintenance tech to help lessen the work load in concern of Plaintiff's health and age.

20. After having reported the matter to Ms. Nichols, it was not until April 5, 2021, that Plaintiff first heard from her again.

21. It was at this time that Plaintiff was informed that he was being terminated for supposedly purchasing speaker wire without authorization.

22. As this was not true, so Plaintiff contacted Defendant's HR

department regarding his termination.

23. HR then set up a telephone conference with Plaintiff and his regional and maintenance directors, where he explained to HR that he had their approval to make the purchase.

24. HR thereafter rescinded Plaintiff's termination and reinstated him.

25. A few days later, Plaintiff was called back into the office without HR present and told he was being terminated for not setting a door in 2018 and for purchasing the numbers 1, 2 and 3 along with two bags of pool shock, which Plaintiff used in Heritage 1000 building's vacant apartments.

26. Plaintiff was never written up for these alleged offences, nor was he given a verbal warning for either of them, in fact, Plaintiff was never made aware of the allegations until the time of his termination.

27. Plaintiff was terminated over the phone and without HR on the call.

28. Plaintiff was then replaced by a younger, less qualified, non-disabled individual by the name of James.

FIRST CAUSE OF ACTION
*DISABILITY DISCRIMINATION*
*AMERICANS WITH DISABILITIES ACT, (ADA)*

29. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 7 through 28 of this complaint with the same force and effect as if set forth herein.

30. The Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

31. At all times material hereto, Plaintiff was an employee of Defendant and Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), as the Defendant employed more than fifteen (15) employees.

32. As such, Defendant is prohibited from discriminating against any qualified individual with a disability.

33. Plaintiff is, and was at all time pertinent hereto, a qualified individual with a disability.

34. Plaintiff suffered from diabetes.

35. Diabetes is a group of diseases characterized by high blood glucose or sugar levels that result from defects in the body's ability to produce and/or use insulin.

36. Diabetes is disability as it causes side effects or complications that substantially limit a major life activity of endocrine function.

37. Plaintiff is an individual with a past history of diabetes.

38. Defendant knew Plaintiff has a disability (diabetes) or believed

(regarded) him as an individual with a disability.

39. Plaintiff's diabetes is an impairment and disability within the meaning of the ADA as it substantially limits Plaintiff's ability to perform major life activities as compared to most people in the general population.

40. Plaintiff's diabetes substantially limited his ability to perform the major life functions of self-care and endocrine function.

41. Upon learning of Plaintiff's diabetes and requested accommodations, Defendant was under an obligation to engage in a good faith interactive process with Plaintiff to determine the reasonableness of her requested accommodation.

42. Defendant failed to engage in a good faith dialogue with Plaintiff in an attempt to "identify the precise limitations" caused by Plaintiff's diabetes nor did Defendant "explore potential accommodations" to overcome those limitations.

43. Defendant's termination and disqualification of Plaintiff's employment on April 25, 2021, on the basis of his disability and Defendant's failure to make a good faith individual assessment to determine whether Plaintiff could be employed or whether a reasonable accommodations would enable him to be employed by Defendant, violated the ADA.

44. Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to his termination, is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective

activity and for any actual or perceived disability.

45. The adverse personnel action, the termination of Plaintiff's employment, clearly violated his statutory protected rights and constituted a prohibited employment practice, contrary to the public policy of the under the Americans with Disabilities Act, (ADA).

46. As a result of the Defendant's violations of the ADA, Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon mental, psychological and emotional distress, and anxiety from difficult economic circumstances, resulting from his unlawful discharge.

## SECOND CAUSE OF ACTION
*DISABILITY RETALIATION*
*AMERICANS WITH DISABILITIES ACT, (ADA)*

47. Plaintiff repeats and re-alleges each allegation contained in paragraphs 7 through 28 of this complaint with the same force and effect as if set forth herein.

48. The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., prohibits employers from retaliating against qualified individuals for objecting to discriminatory acts or for requesting an accommodation.

49. Defendant terminated and disqualified Plaintiff from his employment in retaliation for questioning and objecting to Defendant's discrimination of him because of his disability.

50. Defendant acknowledged and regarded Plaintiff as disabled (perceived or otherwise) and as having an impairment.

51. Plaintiff questioned and objected to Defendant's discrimination of him because of his disability.

52. When Plaintiff provided Defendant with sufficient information regarding his disability and made a complaint to Defendant regarding its discrimination of him because of his disability, Plaintiff's requests became and were considered a statutorily protected activity under the ADA.

53. Defendant's April 25, 2021, termination and disqualification of Plaintiff's employment was in retaliation for him objecting to Defendant's discriminatory practices regarding his disability constituted a statutory protected activity and a prohibited employment practice, contrary to the public policy of and in violation of the ADA.

54. Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to his termination, is entirely *pretextual* for Defendant's retaliation against him for engaging in the statutory protective activity of requesting a reasonable accommodation.

### THIRD CAUSE OF ACTION
*(Age Discrimination in Employment Act ("ADEA" - Age Discrimination)*

55. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 7 through 28 of this complaint with the same force and effect as if set

forth herein.

56. Defendant has discriminated against Plaintiff in the terms and conditions of his employment on the basis of his age in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 262 et seq.,

57. Defendant is an employer within the meaning of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 262 et seq. as it employs more than twenty (200 employees.

58. Plaintiff is a fifty-seven (57) year old Caucasian male.

59. Plaintiff was more than qualified to perform the position of an Area Maintenance Assistant and did so in a satisfactory manner.

60. On July 7, 2020, Defendant terminated Plaintiff's employment.

61. Plaintiff was replaced by a younger less qualified individual.

62. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

### FOURTH CAUSE OF ACTION
*(Age Discrimination in Employment Act - Retaliation)*

63. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 7 through 28 of this complaint with the same force and effect as if set forth herein.

64. The Age Discrimination in Employment Act of 1967 (ADEA), 29

U.S.C. § 262 et seq. prohibits employers from retaliating against qualified individuals for objecting to discriminatory acts.

65. Defendant is an employer within the meaning of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 262 et seq. as it employs more than twenty (20) employees.

66. Defendant terminated and disqualified Plaintiff from his employment in retaliation for questioning and objecting to Defendant's discrimination of him because of his age.

67. Plaintiff is a fifty-seven (57) year old Caucasian male.

68. Plaintiff was more than qualified to perform the position of an Area Maintenance Assistant and did so in a satisfactory manner.

69. On July 7, 2020, Defendant terminated Plaintiff's employment.

70. Plaintiff was replaced by a younger less qualified individual.

71. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

    a) Declaring the acts and practices complained of herein are

violation of the, ADA and ADEA;

    b)    Enjoining and permanently restraining those violations of the ADA and ADEA;

    c)    Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

    d)    Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him and make him whole for all earnings he would have received but for Defendant's discriminatory treatment, including but not limited to, wages, pension, and other lost benefits.

    e)    Awarding Plaintiff liquidated damages pursuant to the ADEA;

    f)    Awarding Plaintiff compensatory damages pursuant to the ADA;

    g)    Awarding Plaintiff the costs of this action together with a reasonable attorney's fees;

    h)    Granting such other and further equitable relief as the Court deems just and proper in the premises.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: July 27, 2022.  By: */s/ Clayton M. Connors*
CLAYTON M. CONNORS
Florida Bar No.: 0095553
Email: cmc@westconlaw.com
**THE LAW OFFICES OF**
**CLAYTON M. CONNORS, LLC.**
4400 Bayou Blvd., Suite 32A
Pensacola, Florida 32503
Tel: (850) 473-0401
Fax: (850) 473-1388
Attorney for Plaintiff